UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------X

UNITED STATES OF AMERICA,

-against-

RONALD MALLAY
                   Defendant

-------------------------------------------------X

INTERIM ORDER
02-CR-778 (SJ)

FILED
IN CLERK'S OFFICE
U.S. D... E.D.N.Y.
MAY 19 2005
TIME A.M. _____ P.M. _____

Re: Interim Payment for Representation of Counsel
for Death Penalty Cases

**IT IS HEREBY ORDERED**, that as a result of the lengthy proceedings in this matter, **Kenneth J. Kaplan, Esq.** for the defendant, Ronald Mallay is authorized to submit interim vouchers for the representation of his/her client.

Because of the expected length of the trial in this case and the anticipated hardship on counsel in undertaking representation pursuant to paragraph 2.30 B of the Guidelines for the Administration of the Criminal Justice Act, the following procedures for interim payments shall apply during the course of your representation in this case:

1) **Submission of Vouchers**

Counsel shall submit to the court clerk, twice each month, an interim CJA Form 30, "Death Penalty Proceedings: Appointment of and Authority to Pay Court Appointed Counsel." Compensation earned and reimbursable expenses incurred from the first to the fifteenth day of each month, shall be claimed on an interim voucher submitted no later than the twentieth day of each month, or the first business day thereafter. Compensation earned and reimbursable expenses incurred from the sixteenth to the last day of each month shall be claimed on an interim voucher submitted no later than the fifth day of the following month, or the first business day thereafter. The first interim voucher submitted shall reflect all compensation claimed and reimbursable expenses incurred from the date of appointment, the vouchers shall be submitted once each month according to the schedule outlined above. Each voucher shall be numbered in series and include the time period each covers. Interim vouchers shall be submitted in accordance with the schedule even though little or no compensation or expenses are claimed for the respective period. All interim vouchers shall be supported by detailed and itemized time and expense statements. Chapter VI, as well as the applicable provisions of Chapter II, Part C of the Guidelines for the Administration of the Criminal Justice Act, outlines the procedures and rules for claims by CJA attorneys and should be followed regarding each voucher.

I will review the interim vouchers when submitted, particularly with regard to the amount of time claimed, and will authorize compensation to be paid for the approved number of hours. I will also authorize for payment all reimbursable expenses reasonably incurred.

At the conclusion of the representation, each counsel shall submit a final voucher seeking payment for representation provided during the final interim period. The final voucher shall also set forth in detail the time and expenses claimed for the entire case, including all documentation. Counsel shall reflect all compensation and reimbursement previously received on the appropriate line of the final voucher.

2)  **Reimbursable Expenses**

Counsel may be reimbursed for out-of-pocket expenses reasonably incurred incident to the representation. While the statute and applicable rules and regulations do not place a monetary limit on the amount of expenses that can be incurred, counsel should incur no single expense item in excess of $300.00 without prior approval of the Court. Such approval may be sought by filing an ex parte application with the Clerk stating the nature of the expenses, the estimated dollar cost and the reason the expense is necessary to the representation. An application seeking such approval may be filed in camera, if necessary. Upon finding that the expense is reasonable, I will authorize counsel to incur it. Recurring expenses, such as telephone, tolls and photocopying which aggregate more than $50.00 on one or more interim vouchers are not considered single expenses requiring Court approval.

With respect to travel outside of the New York metropolitan area for the purpose of consulting with the client or his or her former counsel, interviewing witnesses, etc. the rule should be applied in the following manner. Travel expense, such as air fare, mileage, parking fees, meals and lodging, can be claimed as itemized expenses. Therefore, if the reimbursement for expenses relating to a single trip will aggregate an amount in excess of $300.00, the travel should receive [prior approval of the Court].

The following additional guidelines may be helpful to counsel:

a. Case related travel by privately owned automobile should be claimed at the rate of 37.5 cents per mile, plus parking fees, ferry fares, and bridge, road and tunnel tolls. Transportation other than by privately owned automobile should be claimed on an actual expense basis. Air travel in "first class" is prohibited.

b. Actual expenses incurred for meals and lodging while traveling outside of the metropolitan are in the course of this representation must conform to the prevailing limitations placed upon travel and subsistence expenses of federal judiciary employees in accordance with existing government travel regulations.

c. Telephone toll calls, telegrams, photocopying, and photographs can all be reimbursable expenses if reasonably incurred. However, general office overhead, such as rent, secretarial help, and telephone service, is not a reimbursable expense, nor are items of a personal nature. In addition, expenses for service of subpoenas on fact witnesses are not reimbursable, but rather are governed by Rule 17, R.R.Cr.P. and 28 U.S.C. 1825

Dated: Brooklyn, New York
April 26, 2005

s/SJ
Hon. (District Judge)
U.S.D.J.

5/14/05

For United States Court of Appeals
For the Second Circuit