UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
UNITED STATES OF AMERICA,

                                                                                 02 CV 0778 (SJ)

      - against -

                                                                                 **MEMORANDUM &**
                                                                                 **ORDER**

RICHARD JAMES, RONALD MALLAY,
BASKINAND MOTILLAL,
and BETTY PETER,

                              Defendants.
----------------------------------------------------------------X
A P P E A R A N C E S:

ROSLYNN R. MAUSKOPF, ESQ.
United States Attorney, EDNY
One Pierrepont Plaza, 15th Floor
Brooklyn, New York 11201
  By:    Robert Capers, Esq.
            James McGovern, Esq.
            Lawrence Ferazani, Esq.
Attorneys for the United States

EPHRAIM SAVITT, ESQ.
260 Madison Avenue, Suite 2200
New York, NY 10016
Attorney for Defendant Richard James

STEVE ZISSOU & ASSOCIATES
42-40 Bell Blvd., Suite 302
Bayside, NY 11361
  By:    Steve Zissou, Esq.
Attorney for Defendant Richard James

KAPLAN & KATZBERG
767 Third Ave, 26th Floor

1

New York, NY 10017
By:   Kenneth J. Kaplan, Esq.
Attorney for Defendant Ronald Mallay

LAW OFFICES OF RICHARD JASPER
276 Fifth Avenue, Suite 501
New York, NY 10001
By:   Richard Jasper, Esq.
Attorney for Defendant Ronald Mallay

JOHNSON, Senior District Judge:

Defendants Richard James ("James") and Ronald Mallay ("Mallay") (collectively "Defendants") are each charged in a nineteen-count indictment with various counts of racketeering, murder, attempted murder, mail fraud, and money laundering, relating to an allegedly fraudulent scheme to obtain life insurance policies for people of Guyanese ancestry. Presently before the Court are Defendants' motions to compel discovery.

In Defendants' discovery motions, they seek discovery pursuant to Rule 16 of the Federal Rules of Criminal Procedure, production of material pursuant to Brady v. Maryland, 373 U.S. 83 (1963), and Giglio v. United States, 405 U.S. 150, 154 (1972), production of Jencks Act material, production of Rule 404(b) evidence, and a bill of particulars.

The Court referred Defendants' motions to Magistrate Judge Cheryl Pollak for a

P-049

report and recommendation.[1] On the basis of the hearings and related pleadings, Magistrate Judge Pollak issued a Report and Recommendation (the "Report") on October 12, 2005. The Report recommended 1) that the Court rely on the government's representation that all of defendants' statements have been disclosed and that newly discovered statements will be disclosed immediately and not take any further action at this time; 2) that the Court decline to exercise its discretion to compel disclosure of the government's witness list at this time; 3) that Defendants' motion to reveal the identity of the coconspirators be denied with the exception that should the government determine that there are other members of the conspiracy who will be mentioned as part of the evidence at trial, the government should either disclose their identities or submit an ex parte affidavit showing why such disclosure would endanger their safety; 4) that Defendants' motion for additional documents under this Rule be denied; 5) that the government disclose its files relating to Camuldeen Allie to the Court for in camera review; 6) that Defendants' motion for Jencks Act material be denied; 7) that Defendants' requests for Rule 404 evidence be denied at this time; 8) that the government be ordered to produce the agent's notes relating to the arrests and interviews of James and Mallay; 9) that Defendants' motion for a bill of particulars be denied; 10) that the government's motion to quash the subpoena be denied; and 11) that defendant Mallay be permitted to inspect the records only at the time that Kenneth

---

[1] The Court thanks Magistrate Judge Pollak for time, attention, and hard work on this matter.

3

Hassan should, in fact, testify at trial.

A district court judge may designate a magistrate to hear and determine certain motions pending before the Court and to submit to the Court proposed findings of fact and a recommendation as to the disposition of the motion. See 28 U.S.C. § 636(b)(1). Within ten days of service of the recommendation, any party may file written objections to the magistrate's report. See id. Upon de novo review of those portions of the record to which objections were made, the district court judge may affirm or reject the recommendations. See id.

The Court is not required to review the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendation to which no objections are addressed. See Thomas v. Arn, 474 U.S. 140 (1985). In addition, failure to file timely objections may waive the right to appeal this Court's Order. See 28 U.S.C. § 636(b)(1); Small v. Sec'y of Health & Human Servs., 892 F.2d 15, 16 (2d Cir. 1989).

In this case, objections to Magistrate Judge Pollak's Report were due within ten days of receipt of the October 12, 2005, Report. No objections were filed within that ten day period. On November 7, 2005, counsel for defendant Mallay requested that Magistrate Judge Pollak reconsider her prior recommendations and further that the Court order the government to produce official Guyanese documents related to the deaths of two of the victims. Upon reconsideration, Magistrate Judge Pollak found no

P-049

reason to disturb her prior recommendations and further recommended that this Court take no action to compel disclosure of official Guyanese documents in light of the government's representation that it does not possess the requested documents.

On December 8, 2005, Defendant Mallay filed his objections to the Magistrate Judge's recommendation. Defendant Mallay did so solely to preserve the issues raised in his motion for reconsideration and did not advance any new objections to the recommendations. Upon review of the Report and in light of the careful and deliberate determinations made by Magistrate Judge Pollak, this Court adopts and affirms the entirety of Magistrate Judge Pollak's recommendations as well as her ruling on Defendants' motion for reconsideration.

SO ORDERED.

/s/(SJ)

Dated: March 21, 2007
Brooklyn, New York

Senior U.S.D.J.