UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
UNITED STATES OF AMERICA,

                                           02 CR 0778 (SJ)

    - against -

                                         **MEMORANDUM &**
                                            **ORDER**

RICHARD JAMES and RONALD MALLAY,

                       Defendants.
----------------------------------------------------------X
A P P E A R A N C E S:

ROSLYNN R. MAUSKOPF, ESQ.
United States Attorney, E.D.N.Y.
One Pierrepont Plaza, 15th Floor
Brooklyn, New York 11201
By:    Robert Capers, Esq.
        James McGovern, Esq.
        Lawrence Ferazani, Esq.
Attorneys for the United States

EPHRAIM SAVITT, ESQ.
260 Madison Avenue, Suite 2200
New York, NY 10016
Attorney for Defendant Richard James

STEVE ZISSOU & ASSOCIATES
42-40 Bell Blvd., Suite 302
Bayside, NY 11361
By:    Steve Zissou, Esq.
Attorney for Defendant Richard James

1

KAPLAN & KATZBERG
767 Third Ave, 26th Floor
New York, NY 10017
By:    Kenneth J. Kaplan, Esq.
Attorney for Defendant Ronald Mallay

LAW OFFICES OF RICHARD JASPER
276 Fifth Avenue, Suite 501
New York, NY 10001
By:    Richard Jasper, Esq.
Attorney for Defendant Ronald Mallay


JOHNSON, Senior District Judge:

       Defendants Richard James and Ronald Mallay (collectively "Defendants")

stand accused of participating in the "Mallay Enterprise," a criminal enterprise that

existed for the purpose of, among others things, committing murder for pecuniary

gain.  Specifically, Defendants are accused of purchasing life insurance policies,

hiring people to murder the insured person, and then recouping the life insurance

proceeds for themselves and their co-conspirators.  In sum, Defendants are charged

with murder, murder-for-hire, solicitation of murder, conspiracy to murder,

racketeering, obstruction of justice, mail fraud, and money laundering.

       The government has moved to introduce the testimonial evidence of

Baskinand Motillal, a member of the "Mallay Enterprise," which allegedly shows

that Defendant Mallay (a) told Motillal that he had sent a man named Wong to kill

"Sanjay," a witness to the murder of Alfred Gobin; (b) instructed Motillal to kill

2

"Burnham," a witness to the conspiracy to murder Hardeo Sewnanan; and (c)

discussed with Motillal retaliation against the Gobin family.  The government seeks

to introduce these statements against Defendant Mallay in order to demonstrate

consciousness of guilt.

**Admissibility Against Mallay**

The government contends that evidence of Defendant Mallay's plots to kill

or harm witnesses to the murders of Alfred Gobin and Hardeo Sewnanan is

admissible against him as evidence of consciousness of guilt evidence.  Evidence

offered under Rule 404(b) may be admitted if: 1) the evidence is offered for "a

purpose other than to prove the defendant's bad character or criminal propensity,"

United States v. Colon, 880 F.2d 650, 656 (2d Cir.1989); 2) the evidence is

relevant under Rules 401 and 402, and is more probative than unfairly prejudicial

under Rule 403, id. (quoting United States v. Ortiz, 857 F.2d 900, 903 (2d

Cir.1988), cert. denied, 489 U.S. 1070 (1989)); and 3) the trial court provides an

appropriate limiting instruction to the jury, id. (citing Huddleston v. United States,

485 U.S. 681, 691-92 (1988), and United States v. Ortiz, 857 F.2d at 903).

Under federal law, evidence of attempts to threaten or harm a witness is

similarly admissible to show consciousness of guilt.  See United States v. Tracy, 12

F.3d 1186, 1195 (2d Cir.1993); see also United States v. Brazel, 102 F.3d 1120,

1153 (11th Cir.1997) (evidence that defendant threatened a witness is "relevant to

3

consciousness of guilt"); United States v. Nunn, 940 F.2d 1128, 1130-31 (8th
Cir.1991) (evidence that defendant threatened an informant is "'probative of
consciousness of guilt'") (quoting United States v. Perkins, 926 F.2d 1271, 1280
(1st Cir.1991).

In the present case, the standards for admission of Rule 404(b) evidence
against Defendant Mallay have been satisfied.  First, the testimony about the plots
to kill witnesses has not been offered to prove Defendant Mallay's bad character or
criminal propensity, but rather to prove his consciousness of guilt.  See Tracy, 12
F.3d at 1195 (2d Cir.1993); United States v. Bein, 728 F.2d 107, 114 (2d Cir.).

Second, although the evidence of a plot to kill witnesses is prejudicial, Rule
403 only requires that relevant "evidence [] be excluded if its probative value is
substantially outweighed by the danger of unfair prejudice."  Fed.R.Evid. 403.
Here, the proffered evidence is extremely probative of Defendant Mallay's
involvement in the murders of Alfred Gobin and Hardeo Sewnanan.  Because
evidence of a desire to kill witnesses is such strong evidence of consciousness of
guilt, this Court cannot conclude that the probity of such evidence would be
substantially outweighed by the danger of unfair prejudice.  Accordingly, evidence
of a plot to harm or kill witnesses is independently admissible against Defendant
Mallay to prove consciousness of guilt.  Further, were this Court to admit such
evidence, it would give an instruction to the jury cautioning them not to consider

the testimony as evidence of Defendant Mallay's violent character, but rather as proof of his consciousness of guilt.  See Tracy, 12 F.3d at 1195.

**Admissibility Against Defendant James**

Although the proffered 404(b) evidence is admissible against Defendant Mallay, our analysis of the admissibility of this evidence is not complete. Defendant James, Defendant Mallay's co-defendant, objects to the admission of evidence of Defendant Mallay's intentions to harm witnesses.  Defendant James argues that this evidence will cause Defendant James undue spillover prejudice. The government concedes that Defendant James would be prejudiced by this evidence and has suggested that the remedy for this prejudice is a limiting instruction.

"Spillover prejudice" occurs "when proof inadmissible against a defendant becomes a part of his trial solely due to the presence of co-defendants as to whom its admission is proper."  United States v. Williams, 181 F. Supp. 2d 267, 301-2 (S.D.N.Y.2001) (quoting United States v. Salameh, 152 F.3d 88, 115 (2d Cir.1998)).  The Second Circuit recognizes the possibility that a defendant may incur spillover prejudice in a joint trial at which prior-act evidence is offered against a co-defendant.  See United States v. Gelzer, 50 F.3d 1133, 1140 (2d Cir.1995) ("Where allegedly prejudicial evidence is admitted solely against one defendant in a multi-defendant trial, the prejudice this might cause to his co-

5

defendants is an appropriate consideration for Rule 403 balancing and may result in the exclusion of such evidence in the joint trial.").  Generally, a limiting instruction adequately guards against unfair prejudice where the Rule 404(b) evidence does not bear upon a co-defendant's involvement.  See, e.g., United States v. Rosenwasser, 550 F.2d 806, 813-14 (2d Cir.1977) ("[W]hen similar act evidence is admitted in a multiple defendant trial, it is clear that the co-defendant claiming prejudice could not have been involved in the similar offense.  In those circumstances, there is little doubt that a cautionary instruction is sufficient to preserve the co-defendant's right to a fair trial.").

However, a limiting instructions is not a cure-all to undue prejudice.[1]  When making an assessment of the balance between prejudice and probity, "the trial court should carefully consider the likely effectiveness of a cautionary instruction that tries to limit the jury's consideration of the evidence to the purpose for which it is admissible."  Id.  Rule 403 balancing must therefore take into account the likelihood that the limiting instruction will be observed.  Ultimately, the trial court

---

[1] This can properly be viewed as the tension between the admissibility of evidence in a joint trial and severance of otherwise joinable co-defendants.  "If the justification for a joint trial is outweighed by the prejudice to the co-defendants, the trial court can confront the prosecutor with the choice of forgoing either the evidence or the joint trial."  United States v. Figueroa, 618 F.3d 934, 944 (2d Cir.1980).  We assume that the government does not wish to sever these defendants because Defendants have both moved for severance at the trial phase on separate grounds, and the government has vigorously opposed these motions.

has the discretion to exclude evidence if it feels that the undue prejudicial effect of a piece of evidence cannot be ameliorated by a limiting instruction. See United States v. Figueroa, 618 F.2d 934, 944 (2d Cir.1980) ("The trial judge, sensitive to the realities of the courtroom context as in all other trial rulings, must simply include a sound estimate of the likely force of limiting instructions in the overall Rule 403 determination.")

There is no doubt that evidence of a defendant's involvement in a plot to kill witnesses to his crime is inflammatory to a jury. Not only does such conduct evince a ruthlessness aimed solely at evading detection, it strikes at the heart of the justice system. We also note that the plots to kill "Burnham" and retaliate against the Gobin family were both hatched while Defendant Mallay was incarcerated and the aims of the "Mallay Enterprise" were frustrated. Therefore, these conspiracies, if they even rose to that level, were separate and distinct from the "Mallay Enterprise" and the government has proffered no evidence to indicate that Defendant James was involved in these plots. Accordingly, evidence of that nature is unduly prejudicial to Defendant James.

The Court finds that a limiting instruction would be insufficient to cure the prejudice that Defendant James would suffer should the government be allowed to introduce evidence that Defendant Mallay's plotted to kill witnesses. The government's proffered legal basis for the introduction of this evidence is that it is

7

evidence of Defendant Mallay's consciousness of guilty. As stated above, the government is correct on this account. However, the government has also conceded that the evidence would also tend to prove the existence of the enterprise of which Defendant James is accused of being a member. As the government stated in oral argument on this issue, "I would also like to point out the way the case is charged under the RICO Act, it is charged [as] an enterprise: The members and associates of the Mallay Enterprise furthered the enterprise's criminal activities by intimidating and threatening to use physical violence against others to dissuade them from cooperating with law enforcement. That's in the indictment." Tr. 3104-05.

In order for a limiting instruction to be effective, the Court would have to instruct the jury that they could consider the evidence only as to Defendant Mallay and also only as to Defendant Mallay's involvement in the murders of Alfred Gobin and Hardeo Sewnanan. They would further be instructed that they could consider this evidence as to the existence of the enterprise, but not as to the involvement of Defendant James in the enterprise. To ask the lay people of this jury to engage in such legal gymnastics is unreasonable and demonstrates that a limiting instruction as to this evidence would lead to confusion and unnecessary prejudice. As a result, this Court exercises its discretion and finds that the proffered Rule 404(b) evidence is inadmissible.

8

**Conclusion**

For the reasons set forth above, the government's motion to introduce evidence of Defendant Mallay's uncharged crimes is DENIED.

SO ORDERED.

Dated: May 31, 2007                          _____/s/_____
       Brooklyn, New York                              Senior U.S.D.J.