UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
UNITED STATES OF AMERICA,

                                                                                                  02 CR 0778 (SJ)

     - against -

                                                                                          **MEMORANDUM &**
                                                                                                  **ORDER**

RICHARD JAMES and RONALD MALLAY,

                       Defendants.
------------------------------------------------------------X
A P P E A R A N C E S:

ROSLYNN R. MAUSKOPF, ESQ.
United States Attorney, EDNY
One Pierrepont Plaza, 15th Floor
Brooklyn, New York 11201
By:    Robert Capers, Esq.
         James McGovern, Esq.
         Lawrence Ferazani, Esq.
Attorneys for the United States

EPHRAIM SAVITT, ESQ.
260 Madison Avenue, Suite 2200
New York, NY 10016
Attorney for Defendant Richard James

STEVE ZISSOU & ASSOCIATES
42-40 Bell Blvd., Suite 302
Bayside, NY 11361
By:    Steve Zissou, Esq.
Attorney for Defendant Richard James

KAPLAN & KATZBERG
767 Third Ave, 26th Floor
New York, NY 10017
By:    Kenneth J. Kaplan, Esq.
Attorney for Defendant Ronald Mallay

LAW OFFICES OF RICHARD JASPER
276 Fifth Avenue, Suite 501
New York, NY 10001
By:   Richard Jasper, Esq.
Attorney for Defendant Ronald Mallay

JOHNSON, Senior District Judge:

On July 3, 2007, Defendants Richard James and Ronald Mallay ("Defendants") were found guilty of participating in the "Mallay Enterprise," a criminal enterprise that existed for the purpose of, among others things, committing murder for pecuniary gain. Each defendant was found guilty of at least one capital crime. On September 17, 2007, the penalty phase of this case will begin, and a jury will determine whether to impose a sentence of death or life imprisonment. Defendants have moved to preclude the government from presenting evidence of "non-statutory" aggravating factors during the penalty phase.[1]

On September 9, 2004, a grand jury sitting in the Eastern District of New York returned a nineteen count indictment against Defendants. Included in this indictment was a "Notice of Special Findings" that listed five statutory aggravating factors under 18 U.S.C. § 3592(c)(6), 18 U.S.C. § 3592(c)(7), 18 U.S.C. § 3592(c)(8), 18 U.S.C. § 3592(c)(9), and 18 U.S.C. § 3592(c)(11). The indictment also alleged specific states of

---

[1] Defendants made a similar motion as to the trial phase which was granted in part and denied in part. Specifically, on May 9, 2007, the Court precluded all evidence of non-statutory aggravating factors from the trial phase unless such evidence was relevant to the issue of guilt or innocence.

2

mind and factual circumstances that mirror provisions of 18 U.S.C. § 3591(a)(2)(A), 18 U.S.C. § 3591(a)(2)(B), and 18 U.S.C. § 3591(a)(2)(C).  The Grand Jury, however, did not charge any "non-statutory" aggravating factor.  Subsequently, the government gave notice of its intent to present evidence of future dangerousness.  For the following reasons, Defendants' motion to preclude the government from presenting evidence of future dangerousness during the penalty phase is denied in all respects.

Defendants contend that it is a violation of their right to due process to allow the government to admit evidence of non-statutory aggravating factors in this case because the government did not include any non-statutory aggravating factors in the Special Findings section of the indictment.  This Court recently followed in the path of many other courts and ruled that, in order to comply with Ring v. Arizona, 536 U.S. 584 (2002), any fact which raises the level of punishment must be presented to a Grand Jury and pled in an indictment.  See United States v. James, No. 02 Cr. 778, 2007 WL 914249 (E.D.N.Y. March 24, 2007).  Accordingly, this Court held that statutory aggravating factors must be presented to the Grand Jury and pled in the indictment in a capital case.  In the same ruling, this Court also found that the Federal Death Penalty Act, 18 U.S.C. § 3591, *et seq.*, did not create a new federal crime, but rather merely established statutory guidelines designed to impose capital punishment on the most egregious crimes.

Defendants contend that this Court's Order dated March 24, 2007, and the Supreme Court's recent ruling in Cunningham v. California, 549 U.S. ___ (2007),

3

compel the conclusion that the government must be precluded from presenting evidence of any aggravating factor unless it has been presented to the Grand Jury and pled by indictment. This Court does not agree.

First, the Court does not find <u>Cunningham</u> instructive in this argument. <u>Cunningham</u> dealt with the division of factfinding between the presiding judge and the jury as it related to enhanced sentencing. Here, there is no issue as to who will play the role of factfinder in determining Defendants' sentence because any non-statutory aggravating factor would be considered by the jury and not this Court. Accordingly, Defendants' reliance on <u>Cunningham</u> is entirely misplaced.

Second, although Defendants are correct to note that recent Supreme Court doctrine has consistently held that any fact that exposes a defendant to a harsher sentence must be pled by indictment and submitted to a petit jury, Defendants' motion fails because non-statutory aggravating factors, taken by themselves, cannot expose Defendants to a greater potential sentence. As an initial matter, it is undisputed that the government must present the necessary culpability and statutory aggravating factors to the Grand Jury because these facts can transform an average defendant into a capital defendant. The impact of a non-statutory aggravating factor is an entirely different matter.

In a capital case, the jury must unanimously find the existence of at least one statutory aggravating factor before it may even consider any non-statutory aggravating factor. <u>See</u> 18 U.S.C. § 3593(d) ("If no aggravating factor set forth in section 3592 is

found to exist, the court shall impose a sentence other than death authorized by law."). Therefore, before the jury even considers evidence of non-statutory aggravating factors, a capital defendant is already exposed to the greatest punishment possible and the indictment requirement is not implicated.  See United States v. LeCroy, 441 F.3d 914, 922 (11th Cir.2006) (holding that "nonstatutory aggravating factors need *not* be included in the indictment [because] [n]onstatutory factors do not operate to increase the potential punishment of a defendant, thus potentially triggering the indictment requirement[]") (emphasis in original); United States v. Purkey, 428 F.3d 738, 749 (8th Cir.2005) (same); United States v. Bourgeois, 423 F.3d 501, 503 (5th Cir.2005) (same); United States v. Higgs, 353 F.3d 281, 298-99 (4th Cir.2003) (same); United States v. Henderson, 461 F. Supp. 2d 133, 135 (S.D.N.Y.2006) (same).

The critical question, therefore, is one of exposure rather than the weight that each factor, statutory or non-statutory, may be afforded.  It is irrelevant that a non-statutory aggravating factor may tip the jury's determination against a capital defendant.  Because non-statutory aggravating factors do not enhance the potential punishment in any way, failure to include them in the indictment is not a violation of due process.

Further, the Defendants' due process concerns are adequately met by the notice requirement in 18 U.S.C. § 3593(a)(2).  See 18 U.S.C. § 3593(a)(2) ("If [...] the government believes that the circumstances of the offense are such that a sentence of death is justified under this chapter, the attorney shall, a reasonable time before the

5

trial or before acceptance by the court of a plea of guilty, sign and file with the court, and serve on the defendant, a notice [...] (2) setting forth the aggravating factor or factors that the government, if the defendant is convicted, proposes to prove as justifying a sentence of death."). As noted above, the government has complied with this requirement by giving notice of its intention to present evidence of future dangerousness well in advance of trial.

**Conclusion**

Accordingly, Defendants' motion to preclude evidence of non-statutory aggravating factors at the penalty phase is DENIED.

SO ORDERED.

Dated: September 12, 2007                    _____/s/_____
       Brooklyn, New York                              Senior U.S.D.J.